# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY K. PLEASANT, | Case No. 1:13-cv-00805-AWI-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| COUNTY OF MERCED, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |
| _____/ | |

### First Screening Order

**I.     Screening Requirement and Standard**

Plaintiff Terry K. Pleasant, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 on May 28, 2013. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.     Discussion – No Federal Claim Stated

### A.     Summary of Basis for Claims

Plaintiff is currently incarcerated at North Kern State Prison in Delano, California in the custody of the California Department of Corrections and Rehabilitation.  Plaintiff brings this action against the County of Merced and private vendor Swanson's Services for assessing $209.00 in fees against him while he was at the Merced County Jail for approximately ten months.[1]  The fees were assessed for ordering "indigent kits," which contain basic hygiene items and two

---

[1] The Court notes that Swanson's Services is a private company and the presumption is that "conduct by private actors is not [governmental] action." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1000 (2012). In light of Plaintiff's failure to state claim, the Court does not reach this issue but it recognizes that "'[governmental] action may be found if . . . there is such a close nexus between the [government] and the challenged action that seemingly private behavior may be fairly treated as that of the [government] itself.'" *Florer*, 639 F.3d at 924 (quoting *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.*, 531 U.S. 288, 295, 121 S.Ct. 924 (2001)).

envelopes, at $6.00 per kit. (Compl., p. 25.) Plaintiff's exhibits indicate that the jail's recoupment policy is to take 25% of the amount of the deposit made to an inmate's trust account at the time the deposit is made. However, due to Plaintiff's indigency, no fees were collected. (*Id.*)

### B. Section 1983 and Section 1985 Standards

Plaintiff filed suit in federal court and he must demonstrate the existence of jurisdiction over his claims. 28 U.S.C. §§ 1331, 1332; *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673(1994). In this instance, Plaintiff alleges violations of section 1983 and section 1985.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010).

Section 1985(2) proscribes conspiracies for the purpose of impeding the due course of justice in any state, with the intent to deny equal protection of the laws, and section 1985(3) proscribes conspiracies to deny equal protection of the law or equal privileges and immunities.[1] *Coverdell v. Dep't. of Soc. and Health Svcs., State of Washington*, 834 F.2d 758, 767 (9th Cir. 1987). An allegation of racial or class-based discrimination is required to state a claim for relief under either the second clause of section 1985(2) or section 1985(3), *Bretz v. Kelman*, 773 F.2d 1026, 1028-1030 (9th Cir. 1985), and "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations," *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (internal quotation marks omitted).

///

///

---

[1] "The first clause of 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith," *Bretz v. Kelman*, 773 F.2d 1026, 1028 n.3 (9th Cir. 1985), and is not applicable.

### C. **Findings**

Plaintiff's allegations fail to state a claim upon which relief may be granted under section 1983 or section 1985. Plaintiff alleges a due process claim, but he was not deprived of any protected interest and his due process claim fails as a matter of law. *E.g.*, *Mathews v. Eldridge*, 424 U.S. 319, 332-33, 96 S.Ct. 893 (1976); *Costanich v. Dep't of Soc. and Health Servs.*, 627 F.3d 1101, 1110 (9th Cir. 2010); *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). Furthermore, Plaintiff was not precluded from obtaining items or services to which he was constitutionally entitled; he is merely unhappy that fees for items he used were assessed against his zero-balance trust account, which does not support a claim for relief under section 1983. *See Shapley v. Nevada Bd. Of State Prison Com'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (assessment of co-payment for medical visit did not violate Eighth Amendment where prisoner not prevented from obtaining medical care); *Taylor v. Delatoore*, 281 F.3d 844, 848-49 (9th Cir. 2002) (assessment of filing fee against indigent prisoner constitutional where prisoner was not barred from bringing action or appeal due to lack of funds); *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 417-24 (3rd Cir. 2000) (assessment of $10.00 per day toward housing expenses, leaving prisoner with a balance owed of more than $4,000.00, did not violate Eighth Amendment or Due Process Clause); *Marentez v. Baca*, No. CV 08-00340 VBF (AJW), 2011 WL 5509083, at *7-9 (C.D. Cal. Sep. 29, 2011) (inmate failed to state a RICO claim against sheriff for charging him for "indigent kits" containing hygiene items and envelopes), *report and recommendation adopted in full*, 2011 WL 5514063 (C.D. Cal. Nov. 9, 2011); *Hendon v. Ramsey*, 478 F.Supp.2d 1214, 1219-20 (S.D. Cal. 2007) (collection of 20% of prisoner's monthly income for filing fee recoupment raised no constitutional questions where no underlying right was impaired by collection policy).

Plaintiff's section 1985 claim also fails as a matter of law, as there are no facts alleged which support a viable claim. *Thornton*, 425 F.3d at 1168.

Finally, Plaintiff alleges violations of California Government Code Section 29602; California Penal Code Section 4015; and California Code of Regulations, Title 15, Sections 1065 and 1265. However, to the extent Plaintiff may be entitled to redress under California law, the Court lacks jurisdiction over his state law claims in the absence of any federal claims and it

4

expresses no opinion regarding the merits, or lack thereof, of any such claims.  28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

### III.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law.  In an abundance of caution, Plaintiff will be provided with one opportunity to file an amended complaint.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights.  *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim under federal law;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
3. The failure to file an amended complaint in compliance with this order will result in dismissal of this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     **January 9, 2014**                              /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE