# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY K. PLEASANT, | Case No. 1:13-cv-00805-AWI-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL, WITH PREJUDICE, FOR LACK OF STANDING AND FOR FAILURE TO STATE A CLAIM UNDER SECTIONS 1983 AND 1985 |
| v. | |
| COUNTY OF MERCED, et al., | |
| Defendants. | (Doc. 13) |
| | THIRTY-DAY OBJECTION PERIOD |

## I. Procedural History

Plaintiff Terry K. Pleasant, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 on May 28, 2013. Plaintiff's claims arise from events which occurred in 2012 and 2013 when he was a criminal pretrial detainee at the Merced County Jail in Merced, California.

On January 9, 2014, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. 28 U.S.C. § 1915A. Plaintiff filed an amended complaint on February 21, 2014.

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**III.   Discussion**

    **A.   Summary of Allegations**

Plaintiff, who is currently incarcerated at California State Prison-Corcoran in the custody of the California Department of Corrections and Rehabilitation, brings this action against the County of Merced, private vendors Swanson's Services and Global Tel. Link, and various county

officials for violating his rights under federal and state law during the time he was a pretrial detainee at the Merced County Jail.[1,2]

While at the Merced County Jail, Plaintiff was indigent and frequently requested an "indigent welfare kit" from the commissary/inmate services, which contained basic hygiene items and two postage-paid envelopes. (Doc. 13, Amend. Comp., ¶14.) At the end of May 2012, the Merced County Board of Supervisors entered into a contract with Swanson's Services and Global Tel. Link to provide, via a single delivery system, commissary, telephone, and inmate trust services for the local detention facilities, including Merced County Jail. During the implementation period, Sheriff Mark Pazin, a defendant, terminated the jail's provision of indigent welfare kits to indigent inmates for a period of 6 1/2 weeks.

During that period, Plaintiff sought an indigent welfare kit but was told by Officer Bass that the jail was no longer providing the kits, and he had to request one from the commissary. Plaintiff requested a kit through commissary and in mid-June, he was told by a commissary staff member that the kits were no longer in stock and all in-stock commissary items were in the process of being depleted in anticipation of Swanson's Services' takeover as the new vendor. Plaintiff was informed that the details had not yet been worked out but Swanson's Services would be providing the indigent welfare kits. Plaintiff noticed, however, that inmates with available funds were able to purchase items from the commissary during the transition phase.

The next week, officers circulated documents regarding the new telephone services, but the documents did not include instructions regarding what indigent inmates could order.

In July 2012, Plaintiff learned how to order indigent welfare kits via the new phone service. However, prior to the implementation of the new vendor delivery system, Defendant Pazin did not try to recover indigent welfare kit costs from the inmates. As part of the new vendor

---

[1] The Court notes that Swanson's Services and Global Tel. Link are private companies, and the presumption is that "conduct by private actors is not [governmental] action." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1000 (2012). However, at the screening stage and in light of the fact that the jail contracted with the companies to provide inmate services, the Court assumes without deciding that Swanson's Services and Global Tel. Link are state actors. *Florer*, 639 F.3d at 924 ("[Governmental] action may be found if . . . there is such a close nexus between the [government] and the challenged action that seemingly private behavior may be fairly treated as that of the [government] itself.") (internal quotations and citation omitted).

[2] Plaintiff was arrested on May 8, 2012, and convicted and sentenced to state prison on March 19, 2013.

delivery system, the jail enacted a recoupment policy under which inmates were charged $6.00 per indigent welfare kit and 25% of any incoming trust account deposit was deducted to recover money owed. Plaintiff ultimately incurred $209.00 in debt but his trust account had a zero balance and no money was collected from him.

### B.  Federal Claims

#### 1.  Due Process

##### a.  Conditions of Confinement

Conditions of confinement claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010); *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). However, the Eighth Amendment's deliberate indifference standard sets the minimum standard of care due pretrial detainees. *Simmons*, 609 F.3d at 1017; *Mink*, 322 F.3d at 1120. Thus, while jail "officials have a duty to ensure that [pretrial detainees] are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety," *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted), they may only be held liable if they act "with 'deliberate indifference' to a substantial risk of serious harm," *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff challenges the policy of charging inmates $6.00 per indigent welfare kit and he takes issue with the 6 1/2 week period he was unable to order indigent welfare kits from the commissary, a disruption which resulted from the transition to an outside vendor. Plaintiff's claim is improperly premised on a per se constitutional entitlement to free indigent welfare kits on demand, however, and such kits are merely a means by which jail officials ensure that inmates' underlying constitutional rights are met. While prisoners have the basic right to send mail and to maintain personal hygiene or sanitation, *see Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) (hygiene supplies); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (mail); *Anderson v. County of Kern*, 45 F.3d 1310, 1312-14 (9th Cir. 1995) (sanitation), they do not have a constitutional right to a free welfare kit per se and this case does not involve a claim that

Plaintiff's basic needs were unmet, *see Shapley v. Nevada Bd. Of State Prison Com'rs*, 766 F.2d 404, 408 (9th Cir. 1985) (assessment of co-payment for medical visit did not violate Eighth Amendment where prisoner not prevented from obtaining medical care); *Taylor v. Delatoore*, 281 F.3d 844, 848-49 (9th Cir. 2002) (assessment of filing fee against indigent prisoner constitutional where prisoner was not barred from bringing action or appeal due to lack of funds); *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 417-24 (3rd Cir. 2000) (assessment of $10.00 per day toward housing expenses, leaving prisoner with a balance owed of more than $4,000.00, did not violate Eighth Amendment or Due Process Clause); *Marentez v. Baca*, No. CV 08-00340 VBF (AJW), 2011 WL 5509083, at *7-9 (C.D. Cal. Sep. 29, 2011) (inmate failed to state a RICO claim against sheriff for charging him for "indigent kits" containing hygiene items and envelopes), *report and recommendation adopted in full*, 2011 WL 5514063 (C.D. Cal. Nov. 9, 2011); *Hendon v. Ramsey*, 478 F.Supp.2d 1214, 1219-20 (S.D. Cal. 2007) (collection of 20% of prisoner's monthly income for filing fee recoupment raised no constitutional questions where no underlying right was impaired by collection policy).[3] The jail did not deny inmates welfare kits due to their indigency and Plaintiff's amended complaint is devoid of any allegations that he was denied the minimal civilized measure of life's necessities during the six week transition period when inmates could not order kits from the commissary. Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

### b.   **Excessive Fines**

Next, Plaintiff alleges that assessing a fee of $6.00 per indigent welfare kit against his trust account, which resulted in a total debt assessment of $209.00, violated the Excessive Fines Clause of the Eighth Amendment, which prohibits the imposition of "excessive fines." U.S. Const. amend. VIII. As previously set forth, because Plaintiff is a pretrial detainee, the Due Process Clause rather than the Eighth Amendment applies. *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 243-44, 103 S.Ct. 2979 (1983); *Simmons*, 609 F.3d at 1017; *Mink*, 322 F.3d at 1120. However, without further addressing the test applicable to Plaintiff's "excessive fines"

---

[3] Amend. Comp., court record p. 49, 54.

claim[4] and assuming the claim would otherwise be cognizable at the pleading stage,[5] Plaintiff lacks standing to bring the claim because he has not suffered any injury as a result of his jail trust account debt.

"Those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660 (1983) (citations omitted); *Human Life of Washington Inc. v. Brumsickle*, 624 F.3d 990, 1000 (9th Cir. 2010); *Chandler v. State Farm Mutual Auto. Ins. Co.*, 598 F.2d 1115, 1121-22 (9th Cir. 2010). This requires Plaintiff to demonstrate that he has standing to sue by showing (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in his favor. *Human Life of Washington Inc.*, 624 F.3d at 1000 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992)) (quotation marks omitted). Related to standing is the doctrine of ripeness, which precludes from consideration injuries that are speculative and may never occur. *Chandler*, 598 F.3d at 1122 (citation omitted). Ripeness is a question of timing and can be characterized as standing on a timeline. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (quotations and citations omitted).

Although a total of $209.00 was assessed against Plaintiff's trust account while he was at the Merced County Jail, Plaintiff did not have any funds in his jail account and he did not pay any of the debt.[6] Likewise, although Plaintiff alleges that the debt could be sent out for collection, there is no suggestion it has been and Plaintiff is currently serving a years-long state prison sentence. *People v. Pleasant*, F067102, 2014 WL 3668579, at *1 (Cal.App. 2014). Given that

---

[4] S*ee Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 250-51 (4th Cir. 2005) (analyzing pretrial detainee's challenge to jail's $1.00 per day cost-of-incarceration fee under the Due Process Clause and applying test articulated in *Bell v. Wolfish*, 441 U.S. 520, 536-38, 99 S.Ct. 1861 (1979)); *Wright v. Riveland*, 219 F.3d 905, 914-19 (9th Cir. 2000) (setting forth analytical framework for Eighth Amendment excessive fines claim raised against state by convicted prisoners); *see also Revere*, 463 U.S. at 244 (pretrial detainees' rights under Due Process Clause at least as great as convicted prisoners' Eighth Amendment rights); *Simmons*, 609 F.3d at 1017 (Eighth Amendment deliberate indifference standard has long applied to analyze pretrial detainees' claims of cruel and unusual punishment); *Mink*, 322 F.3d at 1120 (Eighth Amendment provides minimum standard of care in determining pretrial detainees' rights).

[5] *Wright*, 221 F.3d at 914-18; *Tillman*, 221 F.3d at 420.

[6] Amend. Comp., court record p. 49, 54.

1  Plaintiff has not sustained any actual injury as a result of the fee assessment and any future injury
2  is speculative at best, Plaintiff lacks standing to pursue a claim that he has been subjected to
3  "excessive fines" vis a vis Merced County's recoupment policy.  *See Guatay Christian Fellowship*
4  *v. Cnty. of San Diego*, 670 F.3d 957, 983-84 (9th Cir. 2011) (procedural due process claims ripen
5  only when a distinct property deprivation has already occurred, thereby warranting federal court's
6  consideration of whether the process due was provided); *Witt v. Dep't of Air Force*, 527 F.3d 806,
7  812-13 (9th Cir. 2008) (due process claim not ripe for adjudication where injury asserted may or
8  may not occur); *Taylor v. Def. Fin. & Accounting Serv.*, No. CIV. 2:12-2466 WBS DAD, 2014
9  WL 28820, at *14 (E.D.Cal. 2014) (neither mere existence of unpaid debt nor mere notification of
10 debt owed was a deprivation of property, and mere initiation of collection efforts did not constitute
11 a final deprivation of property where debt was recalled and recoupment efforts ceased); *Sanders v.*
12 *Dickerson*, No. CV-09-299-ST, 2010 WL 3824077, at *10 (D.Or. 2010) (pretrial detainee's claim
13 that county's fees for booking, housing, medical services, copying, and mailing amounted to
14 punishment before conviction fails where he was never actually charged the fees and county did
15 not seek reimbursement), *adopted in full*, 2010 WL 3805511 (D.Or. 2010); *compare Wright*, 221
16 F.3d at 914 (state seized funds from at least 6,104 separate transactions, which amounted to more
17 than $100,000 in the first month of the statute's operation, and class members sought, in part,
18 disgorgement of funds seized); *Tillman*, 221 F.3d at 413-14 (after the plaintiff was re-incarcerated
19 following a parole violation, prison authorities confiscated money from his wallet and
20 subsequently took half of all funds sent on his behalf); *Barney v. Camden Cnty. Bd. of Chosen*
21 *Freeholders*, No. 08-4115, 2009 WL 5103206, at *1 (D.N.J. 2009) (prison officials took portion of
22 "initial user fee" from the plaintiff, a pretrial detainee); *Grove v. Kadlic*, 968 F.Supp. 510, 513-15
23 (D.Nev. 1997) (inmate made payments on the county's cost of incarceration bill and county would
24 be forced to disgorge payment pursuant to a judgment in inmate's favor).  In as much as Plaintiff's
25 claim is limited to his past incarceration at Merced County Jail in 2012 and 2013 and his lack of
26 standing is not curable with respect to the claim, the Court recommends dismissal with prejudice.
27 ///
28 ///

### c. **Deprivation of Property**

Plaintiff's attempts to pursue a procedural due process claim and a takings claim also fail on the same ground.[7] Although inmates' property interest in their inmate trust account funds has been recognized, *Vance v. Barrett*, 345 F.3d 1083, 1088 n.6 (9th Cir. 2003), Plaintiff did not have any trust account funds nor did he otherwise pay any of the debt charged against his account and therefore, he was not deprived of a constitutionally protected property interest, *see Guatay Christian Fellowship*, 670 F.3d at 984; *Witt*, 527 F.3d at 812-13; *Taylor*, 2014 WL 28820, at *14. Because Plaintiff lacks standing to assert claims based on deprivation of property without due process of law and confiscation of property without just compensation, and because the deficiency is not curable, the Court recommends dismissal of the claims, with prejudice. *Vance*, 345 F.3d at 1088-89.

### 2. **Equal Protection Claim**

Plaintiff also alleges an equal protection claim under a "class of one" theory. *Nurre v. Whitehead*, 580 F.3d 1087, 1098 (9th Cir. 2009) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000) (per curiam)). The Equal Protection Clause requires that persons who are similarly situated be treated alike, *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008), and if the government intentionally and without rational basis treats an individual differently than others who are similarly situated, a "class of one" equal protection claim may lie, *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). In this case, Plaintiff's claim does *not* arise from "'unique treatment'" of him compared to other similarly situated individuals, which is the theory underlying "class of one" claims. *Nurre*, 580 F.3d at 1098 (quoting *N. Pacifica LLC*, 526 F.3d at 486). Rather, Plaintiff's claim arises from the treatment of indigent inmates compared to non-indigent inmates as related to the ability to purchase from the commissary during the period of transition to new vendors.

---

[7] The Fifth Amendment's Takings Clause is applicable to the states through the Fourteenth Amendment's Due Process Clause. *Kelo v. City of New London, Conn.*, 545 U.S. 469, 472 n.1 125 S.Ct. 2655 (2005); *Vance v. Barrett*, 345 F.3d 1083, 1088 n.4 (9th Cir. 2003).

Indigent prisoners are not a suspect class nor does the inability to purchase canteen items burden a fundamental right, and therefore, any differential treatment passes constitutional scrutiny so long as it is rationally related to a legitimate governmental interest. *See Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002). Here, however, jail officials did not treat similarly situated individuals differently, as indigent inmates seeking welfare kits were not similarly situated to non-indigent inmates ordering other items from the commissary during the 6 1/ 2 week transition to the new vendors. *Furnace*, 705 F.3d at 1030-31 (citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005)). Accordingly, Plaintiff fails to state an equal protection claim and the Court recommends it be dismissed, with prejudice.

### 3.  **Conspiracy Claims**

Next, Plaintiff alleges conspiracy claims under section 1985(3) and 18 U.S.C. § 241. However, neither claim is viable. The absence of an invidiously discriminatory animus and the absence of a section 1983 deprivation of rights are both fatal to a section 1985(3) claim, *Thornton*, 425 F.3d at 1168; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001), and Plaintiff does not have a private right of action under section 241, which is a criminal conspiracy statute, *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). Therefore, the Court recommends Plaintiff's conspiracy claims be dismissed, with prejudice, for failure to state a claim.

### C.  **State Law Claims**

Finally, Plaintiff is also attempting to pursue various claims for violation of state law. However, notwithstanding the questionable merits of those claims,[8] it is not the practice of this court to exercise supplemental jurisdiction over state law claims in the absence of viable federal claims and this case presents no exception. 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz.*,

---

[8] Plaintiff alleges violations of state statutes and regulations, and he alleges Merced County's recoupment policy was instituted in the absence of statutory authority. *See Gonzaga University v. Doe*, 536 U.S. 273, 283-86, 122 S.Ct. 2268 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); *Allen*, 464 F.3d at 1048 (no private right of action for violation of criminal statutes); *Davis v. Powell*, 901 F.Supp.2d 1196, 1211 (S.D.Cal. 2012) (no implied private right of action for violation of Title 15 prison regulations); *Cole v. Sisto*, No. 08 CV 2318 JCW, 2010 WL 2303257, at *4-5 (E.D.Cal. 2010) (citing *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232, 1236-37 (9th Cir. 2009)) (being subjected to a rule that is invalid under state law does not give rise to a viable section 1983 claim).

9

*Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v. Carter*, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability). Therefore, the Court recommends that Plaintiff's state law claims be dismissed, without prejudice. 28 U.S.C. § 1367(c)(3); *Parra*, 715 F.3d at 1156;

## IV. Conclusion and Recommendation

Based on the foregoing, the Court recommends that Plaintiff's federal claims be dismissed for lack of standing and for failure to state a claim upon which relief may be granted. Given the nature of the deficiencies and Plaintiff's inability to cure the deficiencies as set forth in the first screening order, further leave to amend is not warranted and dismissal with prejudice is appropriate. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Additionally, given the absence of any cognizable federal claims, the Plaintiff's state law claims should be dismissed, without prejudice, for lack of jurisdiction. 28 U.S.C. § 1367(c)(3).

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's state law claims be dismissed, without prejudice, for lack of jurisdiction; and

2. This action be dismissed as to Plaintiff's federal claims, with prejudice, for lack of standing and for failure to state a claim under section 1983 and section 1985.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within

///

///

///

the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 4, 2014**                              **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE