# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY K. PLEASANT,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF MERCED, et al.,<br><br>    Defendants. | Case No. 1:13-cv-00805-AWI-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO PROSECUTE**<br><br>**(Docs. 37, 38)**<br><br>**THIRTY (30) DAY DEADLINE** |

    Plaintiff, Terry K. Pleasant, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 on May 28, 2013. (Doc. 1.) Plaintiff's claims arise from events which occurred in 2012 and 2013 when he was a criminal pretrial detainee at the Merced County Jail in Merced, California. (*Id.*) On January 9, 2014, Plaintiff's Complaint was dismissed with leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915A. (Doc. 9.) Plaintiff then filed the First Amended Complaint (Doc. 13) that was screened and found to be devoid of any cognizable claims, resulting in dismissal of the action with prejudice on June 12, 2015. (Docs. 24, 25.)

    Plaintiff appealed the dismissal to the Ninth Circuit of Appeals (Doc. 26) who issued a memorandum on September 22, 2016, which took effect via Mandate on October 17, 2016 (Docs. 30, 31). The Ninth Circuit affirmed dismissal of Plaintiff's equal protection and conspiracy claims; reversed the dismissal of Plaintiff's condition-of-confinement claim; vacated the dismissal of Plaintiff's due process claims for excessive fines and for unlawful deprivation of property for this Court to dismiss them without prejudice; vacated dismissal of Plaintiff's state law claims leaving open the question of whether supplemental jurisdiction should be exercised; and remanded for further proceedings. (*Id.*)

1

Service of the Amended Complaint was subsequently ordered. (Doc. 35.) Defendants responded on February 3, 2017, by filing a motion to dismiss. (Doc. 37.) Plaintiff did not file an opposition or a statement of non-opposition. A second informational order issued on April 21, 2017, notifying Plaintiff of the requirements for an opposition and requiring him to file an opposition or a statement of non-opposition within twenty-one days of the date that order issued. (Doc. 38.) More than one month has now lapsed without Plaintiff having filed either pleading.

The Local Rules corresponding with Fed. R. Civ. P. 11 provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is ORDERED to show cause **within thirty (30) days** of the date of service of this Order why the action should not be dismissed for his failure to comply with the April 21, 2017, order and to prosecute this action; alternatively within that same time, Plaintiff may file an opposition or a statement of non-opposition to Defendants' motion to dismiss.

IT IS SO ORDERED.

Dated: **May 31, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE