# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY K. PLEASANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MERCED, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-00805-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE AND OBEY A COURT ORDER**<br><br>**(Docs. 37, 38, 39)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

　　　　Plaintiff, Terry K. Pleasant, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise from events which occurred in 2012 and 2013 when he was a criminal pretrial detainee at the Merced County Jail in Merced, California. (*Id.*) On January 9, 2014, the Complaint was dismissed with leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915A. (Doc. 9.) Plaintiff filed a First Amended Complaint, (Doc. 13), which was screened and found to be devoid of any cognizable claims, resulting in dismissal of the action with prejudice on June 12, 2015. (Docs. 14, 24, 25.)

　　　　Plaintiff appealed the dismissal to the Ninth Circuit of Appeals (Doc. 26) who issued a memorandum on September 22, 2016, which took effect via Mandate on October 17, 2016 (Docs. 30, 31). The Ninth Circuit affirmed the dismissal of Plaintiff's equal protection and conspiracy claims; reversed the dismissal of Plaintiff's conditions of confinement claim; vacated the dismissal of Plaintiff's due process claims for excessive fines and for unlawful deprivation of property for this Court to dismiss without prejudice; vacated dismissal of Plaintiff's state law

1

claims leaving open the question of whether supplemental jurisdiction should be exercised; and remanded for further proceedings. (*Id.*)

Service of the Amended Complaint was subsequently ordered. (Doc. 35.) Defendants responded on February 3, 2017, by filing a motion to dismiss. (Doc. 37.) Plaintiff did not file an opposition or a statement of non-opposition. A second informational order issued on April 21, 2017, notifying Plaintiff of the requirements for an opposition and requiring him to file an opposition or statement of non-opposition within 21 days of the date that order issued. (Doc. 38.) Over a month lapsed without Plaintiff filing having filed either pleading. Thus, an order issued directing Plaintiff, within 30 days, to show cause why the action should not be dismissed for his failure to both comply with the April 21, 2017, order and to prosecute this action. (Doc. 39.) Alternatively, Plaintiff was granted one last opportunity to file an opposition or statement of non-opposition to Defendants' motion to dismiss. (*Id.*) More than one month has lapsed without Plaintiff having complied with either the April 21, 2017 order or the order to show cause.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address*); Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

//

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an opposition or a statement of non-opposition to Defendants' motion to dismiss expressly stated: "<u>If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute</u>." (Doc. 38, p. 1 (emphasis in original).)

The order to show cause which issued on June 1, 2017, also cautioned that this action may be dismissed for Plaintiff's failure to comply with the Court's orders to file an opposition or a statement of non-opposition and for his failure to prosecute this action. (Doc. 39.) Thus, Plaintiff had more than adequate warning that dismissal may result from his noncompliance with the Court's orders.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed with prejudice based on Plaintiff's failure to obey the Court's orders of April 21, 2017, (Doc. 38) and June 1, 2017 (Doc. 39).

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 14, 2017**           /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE